## FOURMAN v ANDERSON

Ohio Appeals, 2nd Dist, Darke Co

No 498.  Decided Dec 30, 1935

S. E. Mote, Greenville, for plaintiff in error.

L. E. Kerlin, Greenville, for defendant in error.

### OPINION

.By BODEY, J.

The general rule concerning the right of a mortgagor in possession to the rents and profits of the mortgaged real estate was laid down by the Supreme Court in the case of **The Commercial Bank & Savings Co. et v The Woodville Savings Bank Co., 126 Oh St, 587.** Syllabus 1 of that case reads thus:

"The right to rents and profits of real estate follows the legal title. Consequently, a mortgagor in possession is entitled to the rents and profits of the real estate, as an incident of possession of the equity of redemption, and they may be collected by such mortgagor until his equity of redemption expires."

So in this case, the mortgagor, who was in possession, had a right to the rents and profits until the sale was confirmed and his equity of redemption was finally foreclosed unless The Union Central Life Insurance Company was entitled to hold those rents and profits under the mortgage. We must, therefore, determine whether or not the clause "together with all the privileges and appurtenances to the same belonging, and all the rents, issues and profits thereof," contained in said mortgage is sufficient, when considered in connection with the action taken in the foreclosure proceeding and the sale, to pass to The Union Central Life Insurance Company title to or a lien upon the landlord's share of this wheat crop.

It was held in the case of **Francisco et v Ryan, 54 Oh St, 307,** that:

"A stipulation in such a mortgage, that it shall be a lien on any goods the mortgagor may thereafter purchase and place in stock to supply the place of those he should sell, while not creating a present lien, nor a lien when and as the goods are purchased, constitutes a valid contract for a lien on such after acquired property; and possession thereof lawfully taken by the mortgagee has the same effect of protecting it in his hands from the claims of the mortgagor's creditors, as has possession taken of the property owned by the mortgagor at the time of the execution of the mortgage."

In line with this holding, we conclude that the reference to rents and profits contained in the instant mortgage was a valid contract between the defendant and The Union Central Life Insurance Company as to crops to be planted in the future, whereby the defendant agreed to give a lien upon said crops as they were planted.

We must further conclude that, in order to perfect its lien upon the wheat which was sowed before judgment and sale, The Union Central Life Insurance Company should have exercised some right of possession or ownership over the crop. Ordinarily, in foreclosure actions, this sort of lien is perfected by seeking the appointment of a receiver. Of course, the mortgagor may confer upon the mortgagee a possession or title to such crops. In this case, no receiver was asked for or appointed, the mortgagor did not voluntarily surrender possession of this wheat crop to the mortgagee, and the mortgagee did nothing prior to sale evidencing its intention of taking possession of the crop. Since the mortgagee did not perfect its lien by reducing the wheat crop to possession prior to sale, we must determine whether or not the landlord's share passed to it by the sheriff's deed.

As a general rule, and as between individuals, growing crops pass to the grantee on a deed. This is not true of judicial sales. **Albin v Riegel, 40 Oh St 340.**

In the sheriff's deed executed to The Union Central Life Insurance Company it did not acquire title to this wheat crop unless it did so by reason of the announcement made by the auctioneer. We are of opinion that the terms of sale as outlined by the auctioneer may not be binding when they are made without authority. The record shows that the mortgagor had not authorized the auctioneer to sell the land-

lord's share of the wheat crop as a part of the mortgaged premises.

The order of sale did not include the wheat crop. Neither does the deed executed by the sheriff after the sale was confirmed by the court. It may not be claimed that the wheat crop passed to the purchaser under the sale or the deed.

Some claim is made by counsel for defendant in error that The Union Central Life Insurance Company, upon receiving its deed from the sheriff, went into possession of the premises as mortgagee and thus perfected its lien. This contention is not well founded. When a mortgagee, who purchases the property on which he had a mortgage at a foreclosure sale, accepts a deed therefor from the sheriff, his identity as a mortgagee is lost and he thereupon becomes a purchaser. The only possession of the premises in question of the growing crop in question which was taken by The Union Central Life Insurance Company was that which it took after it had received its deed from the sheriff. It, therefore, took possession as a purchaser and not as a mortgagee. Such possession may not be relied upon by The Union Central Life Insurance Company in this case to perfect the lien which was contracted for by the mortgagor in its mortgage. We are, therefore, of the opinion that nothing has been done by The Union Central Life Insurance Company to take possession of this wheat crop and perfect its lien thereon. The plaintiff, John J. Anderson, must claim as the grantee of The Union Central Life Insurance Company. His rights rise no higher than did those of the mortgagee purchaser from whom he received his deed. Since a lien on this wheat crop was not perfected by his grantor. we must conclude that the plaintiff below had no interest in the landlord's share of the wheat crop.

In our opinion the judgment of the lower court is contrary to law and is against the undisputed evidence in the case. The motion for a new trial should have been sustained and the judgment of the Common Pleas Court should have been in favor of the defendant below. For these prejudicial errors, the judgment of the lower court is reversed.

Coming now to render the judgment which the lower court should have entered, we render final judgment for the plaintiff in error. The costs should be paid by the defendant in error. Exceptions.

**BARNES, PJ, and HORNBECK, J, concur.**